UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

                                            Case No. 18-31345-dof

      CHRISTOPHER ANDREWS,             Chapter 7 Proceeding
          Debtor.                        Hon. Daniel S. Opperman
_____/

INDIRECT PURCHASER CLASS,
      Plaintiff,

v.                                         Adversary Proceeding
                                       Case No. 18-3072-dof

CHRISTOPHER ANDREWS,
      Defendant.
_____/

AMENDED
OPINION REGARDING INDIRECT PURCHASER CLASS'
MOTION FOR JUDGMENT ON THE PLEADINGS[1]

**Introduction**

The Plaintiff, Indirect Purchaser Class ("IPC"), moves for judgment on the pleadings,

seeking a determination that the Defendant's indebtedness to IPC by virtue of various sanctions

imposed against him by a federal court should not be discharged pursuant to 11 U.S.C. § 523(a)(6).

The Defendant objects to the Motion for various reasons, but the Court grants the Plaintiff's motion

for the reasons stated in this Opinion.

**Facts and Procedural History**

**A.  The Complaint**

Pursuant to the Complaint, IPC is a court-approved settlement class of indirect purchasers

harmed by a price-fixing conspiracy among manufacturers of polyurethane foams.  The U.S.

District Court for the Northern District of Ohio ("Class Action Court") approved a class action

---

[1] This Opinion is amended to correct an error in the title only.

1

settlement in January 2015. *See In re Polyurethane Foam Antitrust Litig.*, Case No. 1:10-MD-2196 (N.D. Ohio) ("Class Action"). The Defendant, appearing pro se, filed objections to the Class Action settlement, and filed numerous other objections and appeals, all of which were overruled. The Plaintiff claims the Defendant's objections: (i) delayed disbursement of settlement funds to IPC, (ii) caused IPC to incur unnecessary attorney fees responding to the various objections, (iii) devolved into personal attacks against the Class Action Court, the Sixth Circuit Court of Appeals, and counsel for IPC, and (iv) amounted to a knowing and willful abuse of the judicial process. On October 24, 2016, the Class Action Court entered an order imposing sanctions against the Defendant. As stated by the Class Action Court in its October 24, 2016 Order:

> Andrews failed to post an appeal bond as previously ordered by this Court (Doc. 2068), resulting in dismissal of his appeal by the Sixth Circuit (Doc. 2100). In so doing, the Sixth Circuit noted (*id.* at 3):
>
> > Professional objectors, such as Andrews, may not disrupt the settlement process based on nothing more than unsupported suppositions. . . . [His] objections to the settlements lack merit, his appeal has the practical effect of prejudicing the IPC by delaying the disbursement of settlement funds, and he offers no proof of financial hardship that would justice his failure to post the bond.
>
> This Court's authority to sanction Andrews is found in 28 U.S.C. § 1927, which reads as follows:
>
> > Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
>
> *See also Gitler v. Ohio*, 632 F. Supp. 2d 772, 727 (N.D. Ohio 2009) ("Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction *pro se* litigants under that provision").
>
> . . .

This Court agrees with the IPC that Andrews continues his vexatious use of the judicial system and does so either to extort a pay-off from the IPC or as a delay tactic to prolong his coercion attempt. This Court further agrees that Andrews has delayed this case far too long and has ignored both this Court's Orders and rulings from the Sixth Circuit.

While this Court declines to impose the panoply of sanctions suggested by the IPC, this Court does find favor in the request that Andrews be penalized for the amount of interest that has been lost to the IPC due to his frivolous filings. That amount, from April 2016 through October 2016, totals $15,303, with interest continuing to run until payment is made in full.

The Defendant subsequently failed to appear at a court-ordered deposition on December 21, 2016, resulting in an Order of Civil Contempt entered against the Defendant on December 29, 2016 in light of the Defendant's "ongoing misconduct." Again, as stated by the Class Action Court:

> On November 29, class counsel served Andrews with a Notice of Deposition and Request for Production of Documents to assist in their efforts to collect on the monetary sanction. Andrews was noticed to produce financial records by December 19 and appear for a deposition on December 20. Andrews then moved this Court to cancel or stay the deposition (Doc. 2119) which class counsel opposed (Docs. 2120-2122). This Court granted Andrews a one-day extension, ordering him to appear for his deposition on December 21 (Doc. 2124), with the warning that failure to appear could result in an additional sanction.

> On December 14, Andrews repeated that he would not attend the December 21 deposition. His reasons were frivolous, primarily indicating he had no time to do anything but prepare papers for a Writ of Certiorari to the United States Supreme Court on an appeal of earlier Orders from both this Court and the Sixth Circuit. This Court denied Andrews' request for any further postponements.

> . . .

> Perhaps not surprisingly, Andrews failed to produce any documents and failed to appear for his deposition as ordered. A phone call from class counsel to inquire as to his whereabouts went unanswered (Doc. 2126). His disappearing act remains unexplained.

> . . .

. . . Objector Andrews has already provided this Court with an "in your face" statement (Exhibits A and B) that under no circumstances would he attend the deposition, against a background of this Court's patient handling of his ongoing misconduct. Andrews proclaimed he would make no effort to comply with this Court's Order, and this Court finds, by clear and convincing evidence, that Andrews be held in civil contempt. The United States Marshals are directed to bring Andrews before this Court as soon as practicable for him to answer why he should not be required to pay an additional monetary sanction in light of his continued contumacious conduct, and his undisguised failure to follow this Court's December Orders.

See December 29, 2016 Order of Civil Contempt, p.1-2, attached to the Complaint as Exhibit C.

On February 28, 2017, the Class Action Court entered an Order Regarding Sanctions, which upheld the previously awarded sanctions against the Defendant, required the Defendant to pay interest on the previously awarded sanctions in the amount of $6,579.00, and imposed an additional sanction in the amount of $500.00 for the missed deposition. The Class Action Court summarized its findings of fact as follows:

This Court has already --- and repeatedly --- found Andrews' conduct vexatious and contumacious (*see* Docs. 2113, 2123, 2127), and additional sanctions are appropriate. Accordingly, IPC counsel's requests (Docs. 2138, 2146) are granted in part, as follows:

This Court confirms the previously imposed sanction award of $15,303 (Doc. 2113), with the addition of interest for the months of November 2016, December 2016, and January 2017 in the amount of $6,579 (*see* Doc. 2042-5), for a total penalty of $21,882.

This Court imposes an additional sanction of $500 to compensate IPC counsel for their fees and expenses related to the deposition scheduled for December 21, 2016, which Andrews failed to attend.

See February 28, 2017 Order Re: Sanctions, p. 2, attached to the Complaint as Exhibit D.

The Complaint alleges that the various sanctions orders described above are the result of a willful and malicious injury by the Defendant to IPC which should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

4

## B. The Motion and Response

On April 12, 2019, IPC filed the Motion requesting judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), applicable pursuant to Federal Rule of Bankruptcy Procedure 7012. IPC argues that the Complaint and the attached sanctions orders conclusively establish that the Defendant's debt to IPC is for a willful and malicious injury.

On April 29, 2019, the Defendant filed a response to the Motion pro se. In his response, the Defendant states that the sanctions against him have no legal basis and were the result of prejudice, fraud, bias, and a smear campaign designed to discredit the Defendant and cover up court errors. The Defendant further argues that his filings in the Class Action were not willful, malicious, or vexatious.

## Law

### A.    Motion to Dismiss Standard

Rule 12(c), as incorporated in Bankruptcy Rule 7012, provides "[a]fter the pleadings are closed – but early enough not to delay trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Subsection (d) of this same Rule states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (internal quotation marks and

5

citation omitted). "A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

### B. 11 U.S.C. § 523(a)(6) and Sanction Orders

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The United States Supreme Court has stated that a willful and malicious injury occurs only if "the actor intend[ed] 'the consequences of [the] act,' not simply 'the act itself'" and has held that debts arising from negligent or reckless conduct do not fall within the statutory exception. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 64 (1998) (*quoting* Restatement (Second) of Torts § 8A cmt. a (1964)); *see also Kennedy v. Mustaine (In re Kennedy)*, 249 F.3d 576, 581 (6th Cir. 2001) ("only acts done with the intent to cause injury - and not merely acts done intentionally - rise to the level of willful and malicious injury") (*citing Geiger*, 523 U.S. at 61). In the Sixth Circuit Court of Appeals, the standard for determining whether the actor intended to cause the injury for purposes of Section 523(a)(6) is whether the actor: 1) desired to cause the consequences of his or her act; or 2) believed that the consequences are substantially certain to result from the act. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999).

A willful and malicious injury "can be inferred through the circumstances surrounding the injury at issue." *O'Brien v. Sintobin (In re Sintobin)*, 253 B.R. 826, 831 (Bankr. N.D. Ohio 2000) (citations omitted). However, the discharge exceptions are to be construed narrowly and in favor of the debtor. *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 306 (B.A.P. 6th Cir. 2004) (*citing Meyers v. I.R.S. (In re Meyers)*, 196 F.3d 622, 624 (6th Cir. 1999)). "The party

6

seeking the exception to discharge bears the burden of proof by a preponderance of the evidence." *Id.* at 306 (*citing Grogan v. Garner*, 498 U.S. 279, 287 (1991)).

Failing to comply with a court order has been found to satisfy the willful and malicious conduct requirements of Code § 523(a)(6). *See, e.g., Musilli v. Droomers (In re Musilli),* 398 B.R. 447, 455 (Bankr. E.D. Mich. 2008), *aff'd* 379 Fed. Appx. 494 (6th Cir. 2010); *Telcom Credit Union v. Leslie (In re Leslie)*, 271 B.R. 508, 510 (Bankr. E.D. Mich. 2001); *Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 737 (B.A.P. 9th Cir. 2009); *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 512 (5th Cir. 2003); *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481, 484 (8th Cir. 2001).

"Although the Sixth Circuit Court of Appeals stopped short of holding that a 'debt resulting from contempt is willful and malicious *per se*,'" most courts, including the Sixth Circuit, "have almost 'uniformly . . . held that a contempt penalty constitutes a nondischargeable willful-and-malicious injury under § 523(a)(6).'" *Morris v. Charron (In re Charron),* 541 B.R. 656, 666 (Bankr. W.D. Mich. 2015 (*quoting In re Musilli*, 379 Fed. Appx. 494, 498-99 (6th Cir. June 3, 2010) (unpublished).

### C.    Issue Preclusion

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).   The doctrine of res judicata has been described as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'

Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment' even if the issue recurs in the context of a different claim.

*Id.* at 892 (internal citations omitted.)

Under federal common law the doctrine of res judicata, or claim preclusion, has four elements:

(1) A final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.

*Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). The doctrine of collateral estoppel or issue preclusion is a narrower concept than claim preclusion: "Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Jennings v. Bodrick (In re Bodrick)*, 534 B.R. 738, 743 (S.D. Ohio, 2015) (*citing Brown v. Felsen*, 442 U.S. 127, 139 n. 10 (1979)). Under federal law in a dischargeability action, issue preclusion requires: "(1) the issue in the prior action and the issue in the instant case are identical; (2) the bankruptcy issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was necessary to the outcome of the prior case." *Bodrick*, 534 B.R. at 743.

## Analysis and Conclusion

The October 24, 2016 Order Granting Sanctions, upon which the Complaint is based, in part, states that the Defendant continued his "vexatious use of the judicial system and does so either to extort a pay-off from IPC or as a delay tactic to prolong his conversion attempt." *See*

8

Exhibit A to Complaint, p. 2.  The same paragraph of the Sanctions Order notes the Defendant has

ignored the Class Action court's orders and rulings from the Sixth Circuit." *Id.*  Thereafter, the

Defendant refused to comply with the Class Action Court's order requiring his deposition, which

resulted in additional sanctions being imposed.  The Court finds that the Defendant's actions were

willful as the Defendant knew his actions were causing financial harms to IPC, and they were

malicious as they were purposeful and without just cause or excuse.  The Complaint's allegations,

together with the Sanctions Orders, warrant judgment in favor of IPC and against the Defendant.

The Court is not persuaded by the Defendant's various arguments to the contrary, including

his attacks on the Sanctions Orders.  This is not an appellate court as to orders entered in the Class

Action.  Both IPC and the Defendant were litigants in the Class Action, and both parties had the

opportunity, and indeed did, litigate the sanctions issue.  The sanctions were opposed, litigated,

adjudicated, and appealed.  The Orders are final.  As such, they have preclusive effect as to all of

the issues necessarily decided.  There was a legal finding that the Defendant engaged in vexatious

litigation that harmed IPC, and as such sanctions against the Defendant were warranted and

imposed.  The Defendant was further sanctioned for refusing to comply with the Class Action

Court's order requiring his deposition.  The Defendant is precluded from now rearguing the legal

basis for those orders in this Court.  Also, the Defendant's arguments that he was trying to increase

the settlement award misses the critical point that while every plaintiff seeks to increase an award,

improper and inappropriate methods to do so cannot be allowed.  Here, two courts, the Class

Action Court and the Sixth Circuit Court of Appeals, have rejected the Defendant's arguments.

All of these factors show that the Defendant has acted willfully, that he intended the consequence

of his acts, and those acts caused the injury and corresponding damage as found by the Class

Action Court.  Moreover, the case precedent in this district directs that the Plaintiff's motion should

be granted. In *Leslie*, the Bankruptcy Court concluded that a debt for failing to comply with a court's order is a malicious act in conscious disregard of his duties or without just cause or excuse. *Leslie*, 271 B.R. at 510. In *Leslie*, the debtor was ordered to turn over a vehicle but did not do so because she needed it for transportation. *Id.* Likewise, in this case, the Defendant knew his actions, knew the orders of the Court, but acted to damage and injure the Plaintiff.

Counsel for IPC is directed to prepare and submit an appropriate order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on July 25, 2019**

/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**